C. D. Michel – SBN 144258
Glenn S. McRoberts – SBN 144852
Sean A. Brady - SBN 262007
cmichel@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile:   (562) 216-4445
www.michellawyers.com

Attorneys for Plaintiffs / Petitioners

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

SACV12 - 1458 JVS (JPRx)

DOROTHY McKAY, DIANA
KILGORE, PHILLIP WILLMS,
FREDERICK KOGEN, DAVID
WEISS, and THE CRPA
FOUNDATION,

        Plaintiffs,

        v.

SHERIFF SANDRA HUTCHENS,
individually and in her official
capacity as Sheriff of Orange County,
California, COUNTY OF ORANGE,
CALIFORNIA, and DOES 1-10,

        Defendant.

CASE NO:

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

**42 U.S.C. §§ 1983, 1988**

      NOW COME Plaintiffs Dorothy McKay, Diana Kilgore, Phillip Willms,

Frederick Kogen, David Weiss, and The CRPA Foundaton (collectively

"Plaintiffs"), by and through the above counsel, and allege against Defendants

Sheriff of Orange County Sandra Hutchens and the County of Orange, California

(collectively hereafter "Sheriff Hutchens" or "the Sheriff") as follows:

# INTRODUCTION

1.  Plaintiffs bring this action to challenge the validity of, and enjoin the enforcement of, Sheriff Hutchens' policy and practice of denying law-abiding, competent adults, including Plaintiffs, state-required licenses to carry handguns in public ("Carry Licenses") for the purpose of self-defense, unless the applicant can show "good cause," which Defendant essentially defines as a special or contemporaneous "need" to defend oneself – something *more* than "general concerns about personal safety."

2.  Sheriff Hutchens' written policy and its implementation abuses her discretion and violates Plaintiffs' right to keep and bear arms under the Second Amendment to the United States Constitution and, in particular, their right "to possess and carry firearms in case of confrontation" for self-defense purposes, as described by the Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).

3.  Accordingly, Plaintiffs hereby seek declaratory and injunctive relief from Sheriff Hutchens' unconstitutional policy and practice, as outlined below.

## PARTIES

## PLAINTIFFS

4.  All individual Plaintiffs are natural persons, citizens of the United States, and current residents of Orange County, California.

5.  All individual Plaintiffs are eligible to possess firearms under state and federal law and currently own a handgun.

6.  On October 25, 2011, Plaintiff Dorothy McKay – a public school teacher and National Rifle Association-certified Firearms Instructor / Range Safety Officer – applied to Sheriff Hutchens for a Carry License, asserting a general desire for self-defense as her "good cause" due to her traveling alone in remote areas for her paid and volunteer work.

7. On December 28, 2011, Plaintiff McKay's application was denied for lack

1    of "good cause" for a Carry License.

2        8. On November 1, 2011, Plaintiff Phillip Willms – an Orange County

3    business owner and competitive shooter who has Carry Licenses issued from

4    Arizona and Nevada – applied to Sheriff Hutchens for a Carry License, asserting a

5    general desire for self-defense as his "good cause" due to his business activities

6    and hobbies requiring him to have valuable possessions on his person.

7        9. On January 24, 2012, Plaintiff Willms' application was denied for lack of

8    "good cause." He requested reconsideration of his denial, and on March 21, 2012,

9    his denial was confirmed.

10       10. Plaintiff Frederick Kogen – a medical doctor who travels performing

11   infant circumcisions, a procedure that some consider controversial and for which

12   some have threatened doctors, including Plaintiff Kogen, who perform it – applied

13   to Sheriff Hutchens for a Carry License, asserting a general desire for self-defense

14   as his "good cause" due to his concern about specific and general threats he has

15   received as a result of his performing infant circumcisions.

16       11. On July 10, 2012, Plaintiff Kogen's application was denied for lack of

17   "good cause."

18       12. Plaintiff David Weiss – a pastor who travels to meet parishioners and

19   others in need all over California and who has Carry Licenses issued by Arizona

20   and New Hampshire – applied to Sheriff Hutchens for a Carry License, asserting a

21   general desire for self-defense as his "good cause" due to frequenting unknown

22   areas to sometimes meet unknown people.

23       13. On March 21, 2012, Plaintiff Weiss' application was denied for lack of

24   "good cause."

25       14. Plaintiff Diana Kilgore has refrained from applying for a Carry License

26   with Sheriff Hutchens because doing so would be futile and a waste of her time and

27   money, because she does not meet the Sheriff's "good cause" standard articulated

28   in the Sheriff's official written policy for issuing Carry Licenses.

15.  Plaintiff The CRPA Foundation is a 501 (c)(3) charitable corporation. The CRPA Foundation's primary place of business is in Fullerton, California.

16.  The CRPA Foundation is an association that utilizes financial resources to educate the public about firearms laws, the shooting sports, and safe practices. It conducts firearms safety advocacy and advocates in court through litigation brought to benefit the California Rifle and Pistol Assoiation ("CRPA") and the CRPA's approximately 35,000 dues-paying members, as well as tens of thousands of additional donors and supporters, and California firearm owners in general. Such judicial advocacy generally regards firearms laws and rights.  It specifically involves, inter alia, the ability of law-abiding adults to carry firearms for self-defense. The CRPA Foundation uses its financial and human resources to counsel firearms owners about their rights and duties with regard to carrying firearms for self-defense and to support litigation that promotes that right.

17.  Sheriff Hutchens' denial of Carry Licenses for general self-defense purposes frustrates The CRPA Foundation's mission to promote the fundamental, individual right to armed self-defense. In response to Sheriff Hutchens' unlawful acts, The CRPA Foundation has been required to devote financial and human resources to commence litigation to adjudicate other Plaintiffs' rights with regard to the unlawful activities challenged herein. As a result of using these resources to identify and counsel Plaintiffs and to fund this litigation, The CRPA Foundation has had to divert resources it would use for promoting its other organizational missions, such as firearm safety education.

18.  Many CRPA members and The CRPA Foundation contributors, including Plaintiff Kilgore, wish to obtain a Carry License but refrain from applying because it is futile since they do not meet Sheriff Hutchens' official "good cause" standard, and they do not wish to waste their time and money applying.

/ / /

## DEFENDANTS

19.  Defendant Sandra Hutchens is the elected Sheriff of Orange County, California. As such, she is responsible for formulating, executing and administering the laws, customs and practices that Plaintiffs challenge, and she is in fact presently enforcing the challenged laws, customs, and practices against Plaintiffs (and, in the case of The CRPA Foundation, those whose interests they represent). Defendant Sheriff Hutchens is sued in her individual capacity and in her official capacity as Sheriff.

20.  Defendant County of Orange is a municipal entity organized under the Constitution and laws of the State of California.

## JURISDICTION AND VENUE

21.  Jurisdiction of this action is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of California and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

22.  Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-2202.

23.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## REGULATORY SCHEME

### [California Law - Carry Licenses]

24.  With very few and very limited exceptions, California has banned the unlicensed carrying of handguns in most public places whether loaded (Cal. Penal Code §§ 25850, 26100 and exceptions at Cal. Penal Code §§ 25900-26060, 26300) or unloaded (Cal. Penal Code § 26350 and exceptions at Cal. Penal Code §§

26361-26389), and whether carried concealed[1] (Cal. Penal Code § 25400 and exceptions at Cal. Penal Code §§ 25450-25700, 26300) or exposed (Cal. Penal Code § 26350 and exceptions at Cal. Penal Code §§ 26361-26389).[2]

25.  Carrying a handgun without a Carry License or without meeting one of the limited exceptions to the general prohibition on publicly carrying handguns can be penalized as a misdemeanor or a felony. (Cal. Penal Code §§ 25400, 25850, 26350).

26.  California authorizes city police chiefs and county sheriffs ("Issuing Authorities") to issue Carry Licenses to their residents, allowing those residents who qualify to generally carry a loaded handgun in public.

27.  To be eligible for a Carry License, a resident must submit a written application to the respective Issuing Authority, showing that the resident meets certain statutorily required criteria. Cal. Penal Code §§ 26150-26155.

28.  A Carry License applicant must pass a criminal background check (Cal. Penal Code § 26185), and is required to successfully complete a handgun training course covering handgun safety and California firearm laws. (Cal. Penal Code § 26165).

29.  Even if an applicant successfully completes the background check and a suitable handgun training course, under the law a Carry License may only be issued

---

[1] There is an exception to the general prohibition on carrying concealed when transporting an unloaded handgun in a locked container while in a vehicle, or going directly to or coming directly from a vehicle for "any lawful purpose," or going directly to or from certain locations or activities for "any lawful purpose." (Cal. Penal Code §§ 25505, 25610).

[2] It is currently not prohibited to carry an unloaded long-gun (rifle or shotgun) in public outside of a locked container as long as it is not an "assault weapon" (*see* Cal. Penal Code § 30600(a)), of illegal measurements (*see* Cal. Penal Code  § 33210), or in a "Gun Free School Zone" under federal law. (18 U.S.C. §§ 921(a)(25)-(26)).

1  if the applicant is additionally proven to be of "good moral character" and
2  establishes "good cause" for getting a license to carry a loaded firearm in public.
3  (Cal. Penal Code §§ 26150(a)(1) and 26150(a)(2), respectively).

4      30. Issuing Authorities currently exercise some discretion in deciding
5  whether an applicant has "good cause" to be issued a Carry License. Some Issuing
6  Authorities choose to rarely issue Carry Licenses. Others issue to virtually all law-
7  abiding, competent adult applicants seeking a Carry License for self-defense who
8  otherwise meet the requirements for a license.

9      31.  In counties with populations under 200,000, Issuing Authorities may
10 issue licenses to carry a loaded handgun in an exposed, open manner (e.g., in a hip
11 holster), while in more populated counties, like Orange County, only a license to
12 carry a concealed handgun may be issued. (Cal. Penal Code § 26150(b)(2),
13 26155(b)(2)).

14     32.  A license to carry openly is only valid within the county it was issued.
15 (*Id.*) A license to carry concealed is valid statewide, unless the Issuing Authority
16 expressly restricts its validity to only within the county. (Cal. Penal Code § 26200).

17     33.  Because California law generally prohibits the unlicensed carrying of
18 handguns in most public places, whether loaded or unloaded, and whether in a
19 concealed or exposed manner, a Carry License is the only means by which an
20 individual can lawfully go about armed for self-defense in "non-sensitive" public
21 places within California.

22                    **[Second and Fourteenth Amendments]**

23     34.  The Second Amendment to the United States Constitution provides: "A
24 well regulated Militia being necessary to the security of a free State, the right of the
25 people to keep and bear Arms shall not be infringed." U.S. Const amend. II.

26     35.  The Supreme Court has held that the Second Amendment right to keep
27 and bear arms is a fundamental, individual right that includes at its core the right of
28 law-abiding, competent adults to "possess and carry weapons in case of

1    confrontation." *Heller*, 554 U.S. at 592.

2    36. The Supreme Court also recently held that the Second Amendment right

3    to keep and bear arms, by way of its incorporation into the Fourteenth Amendment,

4    applies equally to prohibit infringement of that right by state and local

5    governments. *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3026 (2010).

6    37. The Second Amendment guarantees the right of law-abiding, competent

7    adult residents of Orange County, including Plaintiffs, some lawful manner to carry

8    a handgun for self-defense purposes in case of confrontation, at least in "non-

9    sensitive" public places.

10   38. It is the government's burden to justify any restriction on the Second

11   Amendment right of law-abiding, competent adults to carry a handgun for self-

12   defense purposes in case of confrontation in "non-sensitive" public places.

13   39. The Fourteenth Amendment to the United States Constitution provides

14   that no state shall "deny to any person within its jurisdiction the equal protection of

15   the laws." U.S. Const. amend. XIV, § 1.

16   40. The Equal Protection Clause puts the burden on the government to

17   justify classifications of people which restrain the exercise of the classified

18   persons' fundamental rights.

### GENERAL ALLEGATIONS

20   41. The ability to carry a handgun in non-sensitive public places for

21   self-defense in case of confrontation is protected by the Second Amendment.

22   42. Denial of a Carry License for self defense is an abuse of discretion and a

23   denial of the fundamental right to carry a handgun in "non-sensitive" public places

24   for self-defense in case of confrontation.

25   43. All law-abiding, competent adults are similarly situated in that they are

26   equally entitled to exercise the constitutional right to bear arms – without having to

27   first demonstrate special circumstances or needs to do so – and therefore equally

28   entitled to be issued a Carry License for self-defense.

**[Sheriff Hutchens' Issuance Policy]**

44.  According to her official written policy and the denials of Plaintiffs' applications for Carry Licenses, Sheriff Hutchens refuses to issue Carry Licenses where an applicant asserts "general concerns about personal safety" as "good cause," even if the applicant is a law-abiding, competent Orange County resident who has satisfied all other requirements.

45.  To even *potentially* satisfy Sheriff Hutchens' "good cause" standard, applicants must demonstrate that they are the target of a specific threat or that they engage in business that subjects them to much more danger than the general public.

46.  Sheriff Hutchens has chosen to adopt an official written policy that rejects applicants' general desire for self-defense - which the Supreme Court has deemed the core of the Second Amendment - as sufficient "good cause" to exercise the fundamental, Second Amendment right to bear arms in public.

47.  Sheriff Hutchens' "good cause" policy also creates a classification of individuals – those who have no evidence of a specific threat or involvement in a business the Sheriff considers risky – which abrogates the class members' fundamental right to bear arms.

48.  Under the Second and Fourteenth Amendments to the United States Constitution, Sheriff Hutchens' policy of prohibiting individuals with only "general concerns about personal safety" from exercising their right to keep and bear arms is an abuse of discretion and an unconstitutional application of California's "good cause" criterion.  The need for a handgun in non-sensitive public places for general self-defense in case of confrontation is itself "good cause."

**[Plaintiffs' Carry License Denials]**

49.  Each of the individual Plaintiffs (except Plaintiff Kilgore) has applied to Sheriff Hutchens for a Carry License asserting general self-defense as their "good cause" for the license.

50.  By reason of the Second and the Fourteenth Amendments, each of the

Plaintiffs has "good cause" for a Carry License.

51. Sheriff Hutchens has not found that any of the Plaintiffs fails to satisfy any other statutory criteria in California Penal Code section 26150 for issuance of a Carry License.

52. Sheriff Hutchens denied each Plaintiff's application for lack of "good cause" alone.

53. Sheriff Hutchens' policy choice regarding how to apply California's "good cause" requirement has resulted in the denial of Carry Licenses to Plaintiffs, which is tantamount to a denial of their right to bear arms because a Carry License is the only lawful manner in which one can generally carry arms for self-defense purposes in case of confrontation within the state.

54. But for the lack of a Carry License, Plaintiffs (and in the case of The CRPA Foundation, those they represent) would carry a handgun in non-sensitive public places for self-defense as they deem appropriate.

**[California's "Good Cause" Standard]**

55. While Plaintiffs believe it is Sheriff Hutches's application of California's "good cause" provision, Penal Code section 26150(a)(2) that causes their injury, and not the provision itself, in the alternative, California's Penal Code section 26150(a)(2) places a precondition on the right of competent, law-abiding adults to carry arms in public for general self-defense purposes in case of confrontation, without any textual or historical justification for doing so.

56. In the alternative, California's "good cause" provision, Penal Code section 26150(a)(2), unconstitutionally allows for competent, law-abiding adults to be denied a Carry License, which is the only lawful means to generally carry a handgun in public for self-defense in California, based on the failure to meet the unconstitutional precondition, in violation of the Second and Fourteenth Amendments.

57. In the alternative, California's "good cause" provision, Penal Code

section 26150(a)(2), allows for Issuing Authorities like Sheriff Hutchens to exercise unbridled discretion in determining who has "good cause" for a Carry License.

58.  In the alternative, California's "good cause" provision, Penal Code section 26150(a)(2), necessarily creates a classification of Orange County residents, including Plaintiffs, who can be denied a Carry License for self-defense purposes, regardless of whether they are competent and law-abiding, while other classes of competent, law-abiding Orange County residents are not  so denied, thereby violating the Equal Protection Clause of the Fourteenth Amendment.

## DECLARATORY RELIEF

59.  Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth herein in full.

60.  There is an actual and present controversy between the parties in that Plaintiffs contend Sheriff Hutchens' official written policy for implementing the "good cause" criterion of California Penal Code section 26150(a)(2) for the issuance of Carry Licenses is unconstitutional because it does not recognize the fundamental right to armed self-defense as "good cause" for a license. Defendants deny and dispute this contention. Plaintiffs desire a judicial declaration of their rights and Sheriff Hutchens' duties in this matter.

61.  Plaintiffs specifically desire a Decree from this Court that the Second Amendment commands Sheriff Hutchens to recognize a desire for general self-defense as "good cause" for an otherwise qualified applicant to be issued a Carry License. Alternatively, Plaintiffs desire a Decree from this Court that Sheriff Hutches' enforcement of California Penal Code section 26150(a)(2)'s "good cause" provision in any manner whatsoever violates the Second Amendment.

///

///

///

### FIRST CLAIM FOR RELIEF
### SECOND AND FOURTEENTH AMENDMENTS
### RIGHT TO BEAR ARMS
### 42 U.S.C. § 1983
### AGAINST ALL DEFENDANTS

62.  Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth herein in full.

63.  By choosing to adopt and adhere to an official written policy that does not recognize a desire for general self-defense as "good cause" for issuance of a Carry License under California Penal Code section 26150(a)(2), Sheriff Hutchens is propagating customs, policies, and practices that deprive Orange County residents, including Plaintiffs, of their right to generally carry firearms for self-defense in non-sensitive public places as guaranteed by the Second and Fourteenth Amendments.

64.  Sheriff Hutchens cannot satisfy her burden of justifying these customs, policies, and practices that preclude Plaintiffs from exercising their rights protected under the Second and Fourteenth Amendments.

65.  Sheriff Hutchens' official written "good cause" policy is therefore unconstitutional on its face because it expressly does not, and in the case of Plaintiffs did not, recognize a desire for general self-defense as "good cause" for issuance of a Carry License.

66.  Sheriff Hutchens' official written "good cause" policy is therefore unconstitutional as applied to Plaintiffs because its implementation precluded them from being issued a Carry License which, in turn, prevented them from exercising their fundamental right to bear arms in non-sensitive public places for general self-defense purposes in the only manner allowed under state law.

67.  Plaintiffs are entitled to declaratory and preliminary and permanent injunctive relief against such unconstitutional customs, policies, and practices.

/ / /

/ / /

## SECOND CLAIM FOR RELIEF
## FOURTEENTH AMENDMENT - EQUAL PROTECTION
## 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

68.  Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth herein in full.

69.  In adopting and adhering to an official written policy that does not recognize a desire for general self-defense as "good cause" for issuance of a Carry License under California Penal Code section 26150(a)(2), Sheriff Hutchens is creating a classification of Orange County residents, which includes Plaintiffs, whose Second Amendment right to generally bear arms for self-defense in public is abrogated because they cannot meet the Sheriff's "good cause" standard for a Carry License, regardless of whether they are competent and law-abiding, while the rights of other classes of competent, law-abiding Orange County residents are not so infringed.

70. Sheriff Hutchens cannot satisfy her burden of justifying such a classification that unequally deprives Plaintiffs of their right to bear arms, and she is therefore propagating customs, policies, and practices that deprive Orange County residents, including Plaintiffs, of their right to equal protection under the law as guaranteed by the Fourteenth Amendment.

71.  Sheriff Hutchens' official written "good cause" policy is therefore unconstitutional on its face because it expressly classifies those individuals who assert a desire for general self-defense as "good cause" for issuance of a Carry License but who cannot show additional special circumstances as not qualified for issuance of a Carry License, while others who can make such a constitutionally irrelevant showing may be issued a Carry License.

72.  Sheriff Hutchens official written "good cause" policy is therefore unconstitutional as applied to Plaintiffs because its implementation put them in a classification of adults who are precluded from being issued a Carry License

regardless of whether they are competent or law-abiding.

73.  Plaintiffs are entitled to declaratory and preliminary and permanent injunctive relief against such unconstitutional customs, policies, and practices.

**THIRD CLAIM FOR RELIEF – IN THE ALTERNATIVE
SECOND AND FOURTEENTH AMENDMENTS - RIGHT TO BEAR ARMS
42 U.S.C. § 1983
AGAINST ALL DEFENDANTS**

74.  Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth herein in full.

75.  California's "good cause" provision, California Penal Code section 26150(a)(2), violates the Second and Fourteenth Amendments because it imposes preconditions on the individual, fundamental right of competent, law-abiding adults to carry arms in public for general self-defense purposes in case of confrontation, without any textual or historical justification for doing so.

76.  Local Issuing Authorities like Sheriff Hutchens cannot require, under California Penal Code section 26150(a)(2) or any other state provision, law-abiding, competent adults to prove they have "good cause" before they are allowed to exercise a fundamental constitutional right; or, at least, they cannot constitutionally exercise unbridled discretion in determining who has "good cause" to do so. The right to keep and bear arms is a right, not a privilege. Plaintiffs are constitutionally entitled to exercise that right, unless somehow disqualified for constitutionally acceptable reasons.

77. Sheriff Hutchens cannot satisfy her burden of justifying her enforcement of the state's "good cause" provision, which precludes Plaintiffs from exercising their rights protected under the Second and Fourteenth Amendments.

78.  Therefore, California's "good cause" precondition provision, California Penal Code section 26150(a)(2), is unconstitutional on its face.

79.  Therefore, Plaintiffs are entitled to declaratory relief declaring California's "good cause" provision an unconstitutional restriction on the People's

1  right to keep and bear arms, and preliminary and permanent injunctive relief

2  enjoining Sheriff Hutchens' from implementing *any* such "good cause"

3  precondition on the right to keep and bear arms.

**FOURTH CLAIM FOR RELIEF – IN THE ALTERNATIVE**
**FOURTEENTH AMENDMENT - EQUAL PROTECTION**
**42 U.S.C. § 1983**
**AGAINST ALL DEFENDANTS**

7      80.  Plaintiffs hereby re-allege and incorporate by reference the allegations

8  set forth in the foregoing paragraphs as if set forth herein in full.

9      81.  California's "good cause" provision, California Penal Code section

10  26150(a)(2), violates the Equal Protection Clause of the Fourteenth Amendment

11  because it necessarily creates a classification of Orange County residents, including

12  Plaintiffs, whose Second Amendment right to bear arms generally in public is

13  abrogated because they cannot meet the Sheriff's standard of "good cause" for a

14  Carry License, regardless of whether they are competent and law-abiding, while the

15  rights of other classes of competent, law-abiding Orange County residents are not

16  so infringed.

17      82.  Sheriff Hutchens cannot satisfy her burden of justifying her enforcement

18  of a standard that precludes Plaintiffs and other competent, law-abiding adults from

19  exercising their rights protected under the Second and Fourteenth Amendments,

20  while allowing others to exercise them, simply because they have what the Sheriff

21  considers "good cause" to do so.

22      83.  Therefore, California's "good cause" precondition provision, California

23  Penal Code section 26150(a)(2), is unconstitutional on its face.

24      84.  Therefore, Plaintiffs are entitled to declaratory relief declaring

25  California's "good cause" provision, Penal Code section 26150(a)(2), as creating

26  unconstitutional classifications of people in the enjoyment of their fundamental

27  rights, and preliminary and permanent injunctive relief enjoining Sheriff Hutchens'

28  from implementing *any* such "good cause" precondition on the right to keep and

bear arms.

**PRAYER**

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Sheriff Hutchens as follows:

85.  Declaratory relief that Sheriff Hutchens' policy implementing the "good cause" criterion of California Penal Code section 26150(a)(2) for the issuance of Carry Licenses is unconstitutional on its face and as applied to Plaintiffs because it rejects "general concerns about personal safety" and a desire to exercise one's fundamental right to keep and bear arms for self-defense in case of confrontation as "good cause" and, instead, requires applicants to demonstrate they are the target of a specific threat or engage in business that subjects them to far more danger than the general public to qualify for a Carry License;

86.  An order permanently enjoining Sheriff Hutchens, her officers, agents, servants, employees, and all persons in active concert or participation with her, from enforcing Sheriff Hutchens' policy implementing the "good cause" criterion of California Penal Code section 26150(a)(2) for the issuance of Carry Licenses in any manner that does not recognize a general desire for self-defense as satisfying the "good cause" criterion of California Penal Code section 26150(a)(2);

87.  Alternatively, Plaintiffs seek declaratory relief that the "good cause" provision of California Penal Code section 26150(a)(2) itself is unconstitutional on its face under the Second and Fourteenth Amendments, in that a requirement that law-abiding, competent adults prove they have a "good cause" to exercise a fundamental constitutional right before they may do so cannot pass muster under any applicable standard of review;

88.  Alternatively, Plaintiffs seek declaratory relief that the "good cause" provision of California Penal Code section 26150(a)(2) itself is unconstitutional on its face under the Equal Protection Clause of the Fourteenth Amendment because it creates an impermissible classification of Orange County residents, including

Plaintiffs, who are categorically and improperly denied their Second Amendment right to bear arms generally in public.

89. Alternatively, Plaintiffs seek an order permanently enjoining Sheriff Hutchens, her officers, agents, servants, employees, and all persons in active concert or participation with her, from enforcing the "good cause" requirement of California Penal Code section 26150(a)(2).

90. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988 and California law; and

91. Any further or alternative relief as the Court deems just and proper.

Respectfully Submitted,

Date: September 4, 2012                    **MICHEL & ASSOCIATES, P.C.**

C.D. Michel
E-mail:cmichel@michellawyers.com
Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1458 JVS (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
C.D. Michel S.B.N.144258
Sean A. Brady S.B.N.
Michel & Associates, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DOROTHY MCKAY, DIANA KILGORE, PHILLIP
   WILLMS, FREDERICK KOGEN, DAVID WEISS
AND THE CRPA FOUNDATION

PLAINTIFF(S)

v.

SHERIFF SANDRA HUTCHENS, individually and in her
official capacity as Sheriff of Orange County,
California,COUNTY OF ORANGE, CALIFORNIA,and DOES 1-10

DEFENDANT(S).

CASE NUMBER

**SACV12 - 1458 JVS (JPRx)**

**SUMMONS**

TO:  DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ]counterclaim[ ]cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _C.D. Michel_____ , whose address is _Michel & Associates,P.C. 180 East Ocean Blvd., Suite 200 Long Beach, CA 90802_ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __SEP - 5 2012__

By: _____
**DODJIE LAGMAN**
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| (a) PLAINTIFFS   (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| OROTHY MCKAY, DIANA KILGORE, PHILLIP ILLMS, FREDERICK KOGEN, DAVID WEISS AND HE CRPA FOUNDATION | SHERIFF SANDRA HUTCHENS, individually and in her official capacity as Sheriff of Orange County, California, COUNTY OF ORANGE, CALIFORNIA, and DOES 1-10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| C.D. Michel S.B.N.144258<br>Sean A. Brady S.B.N.<br>Michel & Associates, P.C.<br>180 East Ocean Blvd., Suite 200<br>Long Beach, CA 90802 | |

**BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding     ☐ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from another district (specify):     ☐ 6 Multi-District Litigation     ☐ 7 Appeal to District Judge from Magistrate Judge

**REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**LASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

: U.S.C. §§ 1983, 1988

**I.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities-Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities-Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☒ 440 Other Civil Rights | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV12 - 1458 JVS (JPRx)

**R OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

II(a).   **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

yes, list case number(s):

II(b).   **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

yes, list case number(s):

vil cases are deemed related if a previously filed case and the present case:

heck all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

. **VENUE:** (When completing the following information, use an additional sheet if necessary.)

List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[X] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SEE ATTACHMENT A | |

List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

te: In land condemnation cases, use the location of the tract of land involved

SIGNATURE OF ATTORNEY (OR PRO PER):   _____   Date   September 4, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

y to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

## ATTACHMENT A

|    | Plaintiff Name | County of Residence |
|----|----------------|---------------------|
| 1. | Dorothy Mckay | Orange |
| 2. | Diana Kilgore | Orange |
| 3. | Phillip H. Willms | Orange |
| 4. | Fred Kogen | Orange |
| 5. | David Weiss | Orange |
| 6. | The CRPA Foundation | Orange |