1  C. D. Michel – SBN 144258
   Glenn S. McRoberts – SBN 144852
2  Sean A. Brady - SBN 262007
   cmichel@michellawyers.com
3  MICHEL & ASSOCIATES, P.C.
   180 E. Ocean Blvd., Suite 200
4  Long Beach, CA 90802
   Telephone: (562) 216-4444
5  Facsimile:  (562) 216-4445
   www.michellawyers.com
6
7  Attorneys for Plaintiffs / Petitioners

**ORIGINAL**

8  IN THE UNITED STATES DISTRICT COURT
9  CENTRAL DISTRICT OF CALIFORNIA
10 SOUTHERN DIVISION

11
12 DOROTHY McKAY, DIANA KILGORE, PHILLIP WILLMS, FRED KOGEN, DAVID WEISS, and THE CRPA FOUNDATION,

   Plaintiffs,

   v.

   SHERIFF SANDRA HUTCHENS, individually and in her official capacity as Sheriff of Orange County, California, ORANGE COUNTY SHERIFF-CORONER DEPARTMENT, COUNTY OF ORANGE, and DOES 1-10,

   Defendants.

   CASE NO: SACV 12-1458JVS (JPrx)

   **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

   **42 U.S.C. §§ 1983, 1988**

23     NOW COME Plaintiffs Dorothy McKay, Diana Kilgore, Phillip Willms,
24 Fred Kogen, David Weiss, and The CRPA Foundaton (collectively "Plaintiffs"), by
25 and through the above counsel, and allege against Defendants Sheriff Sandra
26 Hutchens, the Orange County Sheriff-Coroner Department, and the County of
27 Orange, California (collectively hereafter "Sheriff Hutchens" or "the Sheriff") as
28 follows:

# INTRODUCTION

1. Plaintiffs bring this action to challenge the validity of, and enjoin the enforcement of, Sheriff Hutchens' official written policy and practice of denying licenses that California requires to generally carry handguns in public ("Carry Licenses") to most law-abiding, competent adult applicants, including Plaintiffs, who seek such licenses for the purpose of self-defense, unless the applicant can show "good cause" for the license; which Defendant essentially defines as a special or contemporaneous "need" to defend oneself – something *more* than "general concerns about personal safety."

2. Sheriff Hutchens' official written policy and its implementation abuses her discretion and violates Plaintiffs' right to keep and bear arms under the Second Amendment to the United States Constitution and, in particular, their right "to possess and carry firearms in case of confrontation" for self-defense purposes, as described by the Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).

3. Sheriff Hutchens' official written policy also violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by creating a classification of law-abiding individuals, which includes Plaintiffs, who are denied the fundamental right to bear arms for constitutionally irrelevant reasons while others are not so denied.

4. Accordingly, Plaintiffs hereby seek declaratory and injunctive relief from Sheriff Hutchens' unconstitutional policy and practice, as outlined below.

# PARTIES

## PLAINTIFFS

5. All individual Plaintiffs are natural persons, citizens of the United States, and current residents of Orange County, California.

6. All individual Plaintiffs are eligible to possess firearms under state and federal law and currently own a handgun.

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

7. On October 25, 2011, Plaintiff Dorothy McKay – a public school teacher and National Rifle Association-certified Firearms Instructor / Range Safety Officer – applied to Sheriff Hutchens for a Carry License, asserting a general desire for self-defense as her "good cause" due to her traveling alone in remote areas, sometimes with valuables, both for her paid and volunteer work.

8. On December 28, 2011, Plaintiff McKay's application for a Carry License was denied for lack of "good cause" by Sheriff Hutchens.

9. On November 1, 2011, Plaintiff Phillip Willms – an Orange County business owner and competitive shooter who has Carry Licenses issued from Arizona and Nevada – applied to Sheriff Hutchens for a Carry License, asserting a general desire for self-defense as his "good cause" due to his business activities and hobbies requiring him to have valuable possessions on his person.

10. On January 24, 2012, Plaintiff Willms' application for a Carry License was denied for lack of "good cause." He requested reconsideration of his denial, and on March 21, 2012, his denial was confirmed.

11. Plaintiff Fred Kogen – a medical doctor who travels performing infant circumcisions, a procedure that some consider controversial and for which some have threatened those doctors, including Plaintiff Kogen, who perform it – applied to Sheriff Hutchens for a Carry License, asserting a general desire for self-defense as his "good cause" due to his concern about specific and general threats he has received as a result of his performing infant circumcisions.

12. On July 10, 2012, Plaintiff Kogen's application for a Carry License was denied for lack of "good cause" by Sheriff Hutchens.

13. Plaintiff David Weiss – a pastor who travels around Orange County to meet with his parishioners in need and who travels all over California to meet with parishioners in need from other churches, and who has Carry Licenses issued by Arizona and New Hampshire – applied to Sheriff Hutchens for a Carry License, asserting a general desire for self-defense as his "good cause" due to frequenting

unknown areas to sometimes meet unknown people in often times emotionally charged situations.

14. On March 21, 2012, Plaintiff Weiss' application for a Carry License was denied for lack of "good cause" by Sheriff Hutchens

15. Plaintiff Diana Kilgore has refrained from applying for a Carry License with Sheriff Hutchens because doing so would be futile and a waste of her time and money, because she does not meet the Sheriff's "good cause" standard articulated in the Sheriff's official written policy for issuing Carry Licenses.

16. Plaintiff The CRPA Foundation is a 501 (c)(3) charitable corporation. The CRPA Foundation's primary place of business is in Fullerton, California.

17. The CRPA Foundation is an association that utilizes financial resources to educate the public about firearms laws, the shooting sports, and safe practices. It conducts firearms safety advocacy and advocates in court through litigation brought to benefit the California Rifle and Pistol Assoication ("CRPA") and the CRPA's approximately 35,000 dues-paying members, as well as tens of thousands of additional donors and supporters, and California firearm owners in general. Such judicial advocacy generally regards firearms laws and rights. The CRPA Foundation uses its financial and human resources to counsel firearms owners about their rights and duties with regard to carrying firearms for self-defense, and to support efforts, including litigation, that promotes that right.

18. Sheriff Hutchens' denial of Carry Licenses for general self-defense purposes frustrates The CRPA Foundation's mission to promote the fundamental, individual right to armed self-defense. In response to Sheriff Hutchens' unlawful acts, The CRPA Foundation has been required to devote financial and human resources to commence litigation to adjudicate other Plaintiffs' rights with regard to the unlawful activities challenged herein. As a result of using these resources to identify and counsel Plaintiffs and to fund this litigation, The CRPA Foundation has had to divert resources it would use for promoting its other organizational

missions, such as firearm-safety education.

19. Many CRPA members and The CRPA Foundation contributors in Orange County, including Plaintiff Kilgore, wish to obtain a Carry License but refrain from applying because it is futile since they do not meet Sheriff Hutchens' official "good cause" standard, and they do not wish to waste their time and money applying.

## DEFENDANTS

20. Defendant Sandra Hutchens is the elected Sheriff of Orange County, California. As such, she is responsible for formulating, executing and administering the laws, customs and practices that Plaintiffs challenge herein, and she is in fact presently enforcing the challenged laws, customs, and practices against Plaintiffs (and, in the case of The CRPA Foundation, those whose interests they represent). Defendant Sheriff Hutchens is sued in her individual capacity and in her official capacity as Sheriff of Orange County.

21. Defendant Orange County Sheriff-Coroner Department ("OCSD") is a law enforcement agency and a Department within the County of Orange. OCSD acts by and through Defendant Sandra Hutchens who serves as the head executive of the Department. As a Department within the governmental structure of the County of Orange, OCSD acts with the express authority and approval of Defendant County of Orange and its Board of Supervisors. Plaintiffs are informed and believe and based thereon allege that Defendant Orange County Sheriff-Coroner Department may be officially titled Orange County Sheriff's Department.

22. Defendant County of Orange is a municipal entity organized under the Constitution and laws of the State of California. Defendant County of Orange, by and through its Board of Supervisors, exercises statutorily required administrative and budget oversight with respect to Defendant Sandra Hutchens and Defendant Orange County Sheriff-Coroner Department.

23. Plaintiffs are informed and believe and based thereon allege that Does

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1-10, and each of them, are in some manner responsible for establishing, implementing, or administering Sheriff Hutchens' policy for issuing Carry Licenses or are otherwise responsible for denying the natural person Plaintiffs' applications for a Carry License.

## JURISDICTION AND VENUE

24. Jurisdiction of this action is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of California and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

25. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-2202.

26. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## REGULATORY SCHEME

### [California Law - Carry Licenses]

27. With very few and very limited exceptions, California has banned the unlicensed carrying of handguns in most public places whether loaded (Cal. Penal Code §§ 25850, 26100 and exceptions at Cal. Penal Code §§ 25900-26060, 26300) or unloaded (Cal. Penal Code § 26350 and exceptions at Cal. Penal Code §§ 26361-26389), and whether carried concealed[1] (Cal. Penal Code § 25400 and

---

[1] There is an exception to the general prohibition on carrying concealed when transporting an unloaded handgun in a locked container while in a vehicle, or going directly to or coming directly from a vehicle for "any lawful purpose," or going directly to or from certain locations or activities for "any lawful purpose." (Cal. Penal Code §§ 25505, 25610).

exceptions at Cal. Penal Code §§ 25450-25700, 26300) or exposed (Cal. Penal Code § 26350 and exceptions at Cal. Penal Code §§ 26361-26389).[2]

28. Carrying a handgun in public without a Carry License or without meeting one of the limited exceptions to the general prohibition on publicly carrying handguns can be penalized as a misdemeanor or a felony. (Cal. Penal Code §§ 25400, 25850, 26350).

29. California authorizes city police chiefs and county sheriffs ("Issuing Authorities") to issue Carry Licenses to their residents, allowing those residents who qualify to go about in most public places carrying a loaded handgun.

30. To be eligible for a Carry License, a resident must submit a written application to the respective Issuing Authority, showing that the resident meets certain statutorily required criteria. Cal. Penal Code §§ 26150-26155.

31. Before a Carry License can issue, an applicant must pass a criminal background check (Cal. Penal Code § 26185), and is required to successfully complete a handgun training course covering handgun safety and California firearm laws. (Cal. Penal Code § 26165).

32. Even if an applicant successfully completes the background check and a suitable handgun training course, under the law a Carry License may only be issued if the applicant is additionally proven to be of "good moral character" and establishes "good cause" for getting a license to carry a loaded firearm in public. (Cal. Penal Code §§ 26150(a)(1) and 26150(a)(2), respectively).

33. Issuing Authorities currently exercise discretion in deciding whether an applicant has "good cause" to be issued a Carry License. Some Issuing Authorities

---

[2] It is currently not prohibited to carry an unloaded long-gun (rifle or shotgun) in public outside of a locked container as long as it is not an "assault weapon" (*see* Cal. Penal Code § 30600(a)), of illegal measurements (*see* Cal. Penal Code § 33210), or in a "Gun Free School Zone" under federal law. (18 U.S.C. §§ 921(a)(25)-(26)).

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

choose to rarely issue Carry Licenses. Others issue them to virtually all law-abiding, competent adult applicants who seek a Carry License for self-defense and who otherwise meet the requirements for such a license.

34. In counties with populations under 200,000, Issuing Authorities may issue licenses to carry a loaded handgun in an exposed, open manner (e.g., in a hip holster), while in more populated counties, like Orange County, only a license to carry a handgun in a concealed manner may be issued. (Cal. Penal Code § 26150(b)(2), 26155(b)(2)).

35. A license to carry openly is only valid within the county it was issued. (*Id.*) A license to carry concealed is valid statewide, unless the Issuing Authority expressly restricts its validity to only within the county. (*See* Cal. Penal Code § 26200).

36. Because California law generally prohibits the unlicensed carrying of handguns in most public places, whether loaded or unloaded, and whether in a concealed or exposed manner, a Carry License is the only means by which an individual can lawfully go about armed for self-defense in "non-sensitive" public places within California.

### [Second and Fourteenth Amendments]

37. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed." U.S. Const amend. II.

38. The Supreme Court has held that the Second Amendment right to keep and bear arms is a fundamental, individual right that includes at its core the right of law-abiding, competent adults to "possess and carry weapons in case of confrontation." *Heller*, 554 U.S. at 592.

39. The Supreme Court also held that the Second Amendment right to keep and bear arms, by way of its incorporation into the Fourteenth Amendment, applies equally to prohibit infringement of that right by state and local governments.

*McDonald v. City of Chicago*, 130 S. Ct. 3020, 3026 (2010).

40. The Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

41. The Equal Protection Clause puts the burden on the government to justify classifications of people which restrain the exercise of the classified persons' fundamental rights.

## GENERAL ALLEGATIONS

42. The Second Amendment guarantees the right of law-abiding, competent adult residents of Orange County, including Plaintiffs, some lawful manner to carry a handgun for self-defense purposes in case of confrontation, at least in "non-sensitive" public places.

43. Denial of a Carry License sought for self-defense purposes is an abuse of discretion and a denial of the fundamental right to carry a handgun in "non-sensitive" public places for self-defense in case of confrontation.

44. It is the government's burden to justify any restriction on the Second Amendment right of law-abiding, competent adults to carry a handgun for self-defense purposes in case of confrontation in "non-sensitive" public places.

45. All law-abiding, competent adults are similarly situated in that they are equally entitled to exercise the constitutional right to bear arms – without having to first demonstrate special circumstances or needs to do so – and are therefore equally entitled to be issued a Carry License for self-defense purposes.

### [Sheriff Hutchens' Issuance Policy]

46. According to her official written policy and the denials of Plaintiffs' applications for Carry Licenses, Sheriff Hutchens refuses to issue Carry Licenses where an applicant asserts "general concerns about personal safety" as the "good cause" for a Carry License, even if the applicant is a law-abiding, competent Orange County resident who satisfies all other statutory requirements for a license.

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

47. To even *potentially* satisfy Sheriff Hutchens' "good cause" standard, applicants must demonstrate that at least they are the target of a specific threat or that they engage in business that subjects them to much more danger than the general public.

48. Sheriff Hutchens has chosen to adopt an official written policy that rejects applicants' general desire for self-defense - which the Supreme Court has deemed the core of the Second Amendment - as sufficient "good cause" to exercise the fundamental, Second Amendment right to bear arms in public.

49. Sheriff Hutchens' "good cause" policy also creates a classification of individuals – those who have no evidence of a specific threat or involvement in a business the Sheriff considers risky – which abrogates the class members' fundamental right to bear arms.

50. Under the Second and Fourteenth Amendments to the United States Constitution, Sheriff Hutchens' policy and practice of prohibiting individuals who cannot show they have more than "general concerns about personal safety" from exercising their right to keep and bear arms is an abuse of discretion and an unconstitutional application of California's "good cause" criterion. The need for a handgun in non-sensitive public places for general self-defense in case of confrontation is itself "good cause."

[**Plaintiffs' Carry License Denials**]

51. Each of the individual Plaintiffs (except Plaintiff Kilgore) has applied to Sheriff Hutchens for a Carry License asserting general self-defense as their "good cause" for the license.

52. By reason of the Second and the Fourteenth Amendments, each of the Plaintiffs has "good cause" for a Carry License.

53. Sheriff Hutchens has not found that any of the Plaintiffs fails to satisfy any other statutory criterion in California Penal Code section 26150 for issuance of a Carry License.

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

54. Sheriff Hutchens denied each Plaintiff's application for lack of "good cause" alone.

55. Sheriff Hutchens' policy choice regarding how to apply California Penal Code section 26150(a)(2)'s criterion has resulted in the denial of Carry Licenses to Plaintiffs, which is tantamount to a denial of their right to bear arms because a Carry License is the only lawful manner in which one can generally carry arms for self-defense purposes in case of confrontation within the state.

56. But for the lack of a Carry License, Plaintiffs (and in the case of The CRPA Foundation, those they represent) would carry a handgun in non-sensitive public places for self-defense as they deem appropriate.

### [California's "Good Cause" Standard]

57. While Plaintiffs believe it is Sheriff Hutchens' application of California Penal Code section 26150(a)(2)'s "good cause" provision that causes their injury, and not the provision itself, in the alternative, the "good cause" provision itself places a precondition on the right of competent, law-abiding adults to carry arms in public for general self-defense purposes in case of confrontation, without any textual or historical justification for doing so.

58. In the alternative, California Penal Code section 26150(a)(2)'s "good cause" provision is an unconstitutional precondition because it requires competent, law-abiding adults like Plaintiffs to prove they have a good reason for a Carry License, which, because such license are the only lawful means to generally carry a handgun for self-defense in most public places in California, is effectively requiring competent, law-abiding adults to prove they have a good reason to exercise a fundamental right. Such a precondition violates the Second and Fourteenth Amendments.

59. In the alternative, California Penal Code section 26150(a)(2)'s "good cause" provision unconstitutionally allows Issuing Authorities like Sheriff Hutchens to exercise unbridled discretion in determining who has "good cause" for

a Carry License, and thus "good cause" to exercise the fundamental right to bear arms.

60. In the alternative, California Penal Code section 26150(a)(2)'s "good cause" provision necessarily creates a classification of Orange County residents, including Plaintiffs, who can be denied a Carry License for self-defense purposes, regardless of whether they are competent and law-abiding, while other classes of competent, law-abiding Orange County residents are not so denied, thereby violating the Equal Protection Clause of the Fourteenth Amendment.

## DECLARATORY RELIEF

61. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth herein in full.

62. There is an actual and present controversy between the parties in that Plaintiffs contend Sheriff Hutchens' official written policy for implementing California Penal Code section 26150(a)(2)'s "good cause" criterion for the issuance of Carry Licenses is unconstitutional on its face and as applied to Plaintiffs because it does not, and in the case of Plaintiffs did not, recognize the fundamental right to armed self-defense as "good cause" for a Carry License. Defendants deny and dispute this contention. Plaintiffs desire a judicial declaration of their rights and Sheriff Hutchens' duties in this matter.

63. Plaintiffs specifically desire a Decree from this Court that the Second Amendment commands Sheriff Hutchens to recognize a desire for general self-defense as "good cause" for an otherwise qualified applicant to be issued a Carry License. Alternatively, Plaintiffs desire a Decree from this Court that Sheriff Hutchens' enforcement of California Penal Code section 26150(a)(2)'s "good cause" provision in any manner whatsoever violates the Second and Fourteenth Amendments to the United States Constitution.

///
///

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# FIRST CLAIM FOR RELIEF
## SECOND AND FOURTEENTH AMENDMENTS
## RIGHT TO BEAR ARMS
## 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

64. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth herein in full.

65. By choosing to adopt and adhere to an official written policy that does not recognize a desire for general self-defense as "good cause" for issuance of a Carry License under California Penal Code section 26150(a)(2), Sheriff Hutchens is propagating customs, policies, and practices that deprive Orange County residents, including Plaintiffs, of their right to generally carry a handgun for self-defense in non-sensitive public places as guaranteed by the Second and Fourteenth Amendments.

66. Sheriff Hutchens cannot satisfy her burden of justifying these customs, policies, and practices that preclude Plaintiffs from exercising their rights protected under the Second and Fourteenth Amendments.

67. Sheriff Hutchens' official written "good cause" policy is therefore unconstitutional on its face because it expressly does not, and in the case of Plaintiffs did not, recognize a desire for general self-defense as "good cause" for issuance of a Carry License.

68. Sheriff Hutchens' official written "good cause" policy is therefore unconstitutional as applied to Plaintiffs because its implementation precluded them from being issued a Carry License which, in turn, prevents them from exercising their fundamental right to bear arms in non-sensitive public places for general self-defense purposes in the only manner allowed under state law.

69. Plaintiffs are entitled to declaratory and preliminary and permanent injunctive relief against such unconstitutional customs, policies, and practices.

///
///

## SECOND CLAIM FOR RELIEF
## FOURTEENTH AMENDMENT - EQUAL PROTECTION
## 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

70. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth herein in full.

71. In adopting and adhering to an official written policy that does not recognize a desire for general self-defense as "good cause" for issuance of a Carry License under California Penal Code section 26150(a)(2), Sheriff Hutchens is creating a classification of Orange County residents, which includes Plaintiffs, whose Second Amendment right to generally bear arms for self-defense in public is abrogated because they cannot meet the Sheriff's "good cause" standard for a Carry License, regardless of whether they are competent and law-abiding, while the rights of other classes of competent, law-abiding Orange County residents are not so infringed.

72. Sheriff Hutchens cannot satisfy her burden of justifying such a classification that unequally deprives Plaintiffs of their right to bear arms, and she is therefore propagating customs, policies, and practices that deprive Orange County residents, including Plaintiffs, of their right to equal protection under the law as guaranteed by the Fourteenth Amendment.

73. Sheriff Hutchens' official written "good cause" policy is therefore unconstitutional on its face because it expressly classifies those individuals who cannot show the additional special circumstances required for issuance of a Carry License described therein as not qualified for issuance of a Carry License, while others who can make such a constitutionally irrelevant showing may be issued a Carry License.

74. Sheriff Hutchens' official written "good cause" policy is therefore unconstitutional as applied to Plaintiffs because its implementation put them in a classification of adults who are precluded from being issued a Carry License, solely

1 for the constitutionally irrelevant reason that they cannot demonstrate a special
2 need for wanting to exercise the right to bear arms.

3     75. Plaintiffs are entitled to declaratory and preliminary and permanent
4 injunctive relief against such unconstitutional customs, policies, and practices.

### THIRD CLAIM FOR RELIEF – IN THE ALTERNATIVE
### SECOND AND FOURTEENTH AMENDMENTS - RIGHT TO BEAR ARMS
### 42 U.S.C. § 1983
### AGAINST ALL DEFENDANTS

76. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth herein in full.

77. California Penal Code section 26150(a)(2)'s "good cause" provision violates the Second and Fourteenth Amendments because it imposes preconditions on the individual, fundamental right of competent, law-abiding adults to carry arms in public for general self-defense purposes in case of confrontation, without any textual or historical justification for doing so.

78. Local Issuing Authorities like Sheriff Hutchens cannot require, under California Penal Code section 26150(a)(2) or any other state provision, law-abiding, competent adults to prove they have "good cause" before they are allowed to exercise a fundamental constitutional right; or, at least, they cannot constitutionally exercise unbridled discretion in determining who has "good cause" to do so, as California Penal Code section 26150(a)(2) permits. The right to keep and bear arms is a right, not a privilege. Plaintiffs are constitutionally entitled to exercise that right, unless somehow disqualified for constitutionally acceptable reasons.

79. Sheriff Hutchens cannot satisfy her burden of justifying her enforcement of California Penal Code section 26150(a)(2)'s "good cause" provision, which precludes Plaintiffs, and most competent, law-abiding Orange County adults, from exercising their rights protected under the Second and Fourteenth Amendments.

80. Therefore, California Penal Code section 26150(a)(2)'s "good cause"

provision, is a facially unconstitutional precondition on Plaintiffs' rights protected under the Second and Fourteenth Amendments.

81. Therefore, Plaintiffs are entitled to declaratory relief declaring California Penal Code section 26150(a)(2)'s "good cause" provision to be an unconstitutional precondition on the People's right to bear arms, and to preliminary and permanent injunctive relief enjoining Sheriff Hutchens' from implementing *any* such "good cause" precondition on the right to keep and bear arms.

### FOURTH CLAIM FOR RELIEF – IN THE ALTERNATIVE
### FOURTEENTH AMENDMENT - EQUAL PROTECTION
### 42 U.S.C. § 1983
### AGAINST ALL DEFENDANTS

82. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the foregoing paragraphs as if set forth herein in full.

83. California Penal Code section 26150(a)(2)'s "good cause" provision violates the Equal Protection Clause of the Fourteenth Amendment because it necessarily creates a classification of competent and law-abiding adults whose Second Amendment right to bear arms generally in non-sensitive public places is abrogated because they do not have "good cause" for a Carry License, while those rights of other classes of competent, law-abiding adults are not so infringed.

84. Sheriff Hutchens cannot satisfy her burden of justifying her enforcement of a standard that precludes competent, law-abiding adults like Plaintiffs from exercising their rights protected under the Second and Fourteenth Amendments, while allowing others to exercise them, simply because they have what the Sheriff considers "good cause" to do so.

85. Therefore, California Penal Code section 26150(a)(2)'s "good cause" provision is unconstitutional on its face.

86. Therefore, Plaintiffs are entitled to declaratory relief declaring California Penal Code section 26150(a)(2)'s "good cause" provision as creating unconstitutional classifications of people in the enjoyment of their fundamental

right to bear arms, and to preliminary and permanent injunctive relief enjoining Sheriff Hutchens' from implementing *any* such "good cause" precondition on that right.

## PRAYER

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Sheriff Hutchens as follows:

87. Declaratory relief that Sheriff Hutchens' policy implementing California Penal Code section 26150(a)(2)'s "good cause" criterion for the issuance of Carry Licenses is unconstitutional on its face and as applied to Plaintiffs because it rejects "general concerns about personal safety" and a desire to exercise one's fundamental right to bear arms for self-defense in case of confrontation as "good cause" for a Carry License and, instead, requires applicants to at least demonstrate they are the target of a specific threat or engage in business that subjects them to far more danger than the general public to qualify for a Carry License;

88. Declaratory relief that Sheriff Hutchens' policy implementing California Penal Code section 26150(a)(2)'s "good cause" criterion for the issuance of Carry Licenses is unconstitutional on its face and as applied to Plaintiffs because it creates an impermissible classification of competent, law-abiding adults, which includes Plaintiffs, who are categorically and improperly denied their Second Amendment right to bear arms generally in public in case of confrontation;

89. An order permanently enjoining Sheriff Hutchens, her officers, agents, servants, employees, and all persons in active concert or participation with her, from enforcing Sheriff Hutchens' policy implementing California Penal Code section 26150(a)(2)'s "good cause" criterion for the issuance of Carry Licenses in any manner that does not recognize a general desire for self-defense as satisfying that criterion;

90. Alternatively, Plaintiffs seek declaratory relief that California Penal Code section 26150(a)(2)'s "good cause" criterion itself is unconstitutional on its

17
FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

face under the Second and Fourteenth Amendments, in that any requirement that law-abiding, competent adults prove they have a "good cause" to exercise a fundamental constitutional right before they may do so cannot pass muster under any applicable standard of review;

91. Alternatively, Plaintiffs seek declaratory relief that California Penal Code section 26150(a)(2)'s "good cause" criterion itself is unconstitutional on its face under the Equal Protection Clause of the Fourteenth Amendment because it creates an impermissible classification of competent, law-abiding adults who are categorically and improperly denied their Second Amendment right to bear arms generally in public in case of confrontation;

92. Alternatively, Plaintiffs seek an order permanently enjoining Sheriff Hutchens, her officers, agents, servants, employees, and all persons in active concert or participation with her, from enforcing California Penal Code section 26150(a)(2)'s "good cause" criterion in any manner;

93. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988 and California law; and

94. Any further or alternative relief as the Court deems just and proper.

Respectfully Submitted,

Date: September 7, 2012                    **MICHEL & ASSOCIATES, P.C.**

*/s/ C.D. Michel*
C.D. Michel
E-mail: cmichel@michellawyers.com
Counsel for Plaintiffs

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF