1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

DOROTHY MCKAY, et al.,
        Plaintiffs,
                      SACV-12-01458-JVS

SHERIFF SANDRA HUTCHENS,
etc., et al.,
        Defendants.
_____

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

October 29, 2012


SHARON A. SEFFENS, RPR
United States District Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA
(714) 543-0870

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiffs:

 3   MARIANNE VAN RIPER
     NICOLE WALSH
 4   COUNTY OF ORANGE
     HALL OF ADMINISTRATION
 5   P.O. Box 1379
     Santa Ana, CA  92702-1379
 6   (714) 834-6020

 7


 8   For the Defendants:

 9   C.D. MICHEL
     SEAN A. BRADY
10   MICHEL & ASSOCIATES, P.C.
     180 East Ocean Bvld., Suite 200
11   Long Beach, CA  90802
     (562) 216-4444
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1   SANTA ANA, CALIFORNIA; MONDAY, OCTOBER 29, 2012: 1:30 P.M.
 2              THE CLERK:  Item No. 24, SACV-12-1458-JVS,
 3   Dorothy McKay, et al., versus Sheriff Sandra Hutchens,
 4   etc., et al.
 5              Counsel, please step forward and state your
 6   appearances.
 7              MS. VAN RIPER:  Good afternoon, Your Honor.
 8   Marianne Van Riper on behalf of the O.C. Sheriff's
 9   Department and Sandra Hutchens.
10              MS. WALSH:  Good afternoon, Your Honor.  Nicole
11   Walsh, Deputy County Counsel, on behalf of O.C. Sheriff
12   Sandra Hutchens and the Orange County Sheriff's Department.
13              MR. MICHEL:  Good afternoon, Your Honor.  Chuck
14   Michel on behalf of plaintiffs.
15              MR. BRADY:  Good afternoon, Your Honor.  Sean
16   Brady on behalf of plaintiffs.
17              THE COURT:  Good afternoon.
18              I trust you have all seen the tentative.
19              MS. VAN RIPER:  Yes, Your Honor.
20              MR. MICHEL:  Yes, Your Honor.
21              THE COURT:  Mr. Michel.
22              MR. MICHEL:  Just a couple of things.  I don't
23   think that I am frankly going to change the Court's mind,
24   but I think that I do get from the Court's tentative sort of
25   an acknowledgment that there are some issues here that need
```

1   to be resolved probably by a higher court.  I think that's
2   sort of the consensus -- I don't want to speak for my
3   colleagues, but I think that's sort of the consensus among
4   the litigants as well.  So what I would simply ask is
5   that -- I will call your attention to a couple of things in
6   the tentative which maybe the Court might like to put a
7   little finer point on perhaps.
8           First of all, I think I need to preserve -- make
9   sure I am preserving my equal protection argument.  I want
10  to make clear that that's not waived.
11          THE COURT:  Well, I am simply denying the
12  injunction.  I am not ruling as a matter of law that any of
13  the claims aren't sufficiently pled.
14          MR. MICHEL:  But if our equal protection argument
15  is correct, if the Court accepted it, then the Court
16  would have to -- for that matter, this other argument this
17  afternoon -- I understand the Court would be granting the
18  injunction, right?
19          THE COURT:  I'm simply holding -- you know, the
20  preliminary injunction standard is the likelihood of
21  prevailing.  Simply because I hold there is no likelihood to
22  prevail, I haven't ruled as a matter of law that the claim
23  is invalid.
24          MR. MICHEL:  Right, but you didn't rule that there
25  is no likelihood -- the tentative doesn't address whether or

1   not there is a likelihood of prevailing on any of the equal
2   protection claims, which could also be grounds for an
3   injunction.  So I just need to make sure that there is not
4   some kind of an implied waiver or something --
5               THE COURT:  No, there isn't.
6               MR. MICHEL:  Okay.  The other thing is I guess
7   sort of getting to that substantial question -- well,
8   first let me just clarify one thing in the last paragraph
9   of the Court's tentative.  It says, "Neither California or
10  the Orange County Sheriff's Department categorically ban
11  the public carrying of a handgun."  I think the Court
12  probably understands this, but I want to make sure that
13  that -- that phrase is a bit -- could be construed as a bit
14  confusing.
15              The reason that this case is different from
16  Richards and Peruta is -- and the Richards and Peruta
17  decisions both sort of relied on the ability to carry an
18  unloaded, unconcealed handgun in public pretty much at any
19  time, not just in those specific instances listed in the
20  opposition where you go from one place to another.  You are
21  taking it to a gun store to be repaired or sold or taking it
22  to a campsite or something like that.  There was an ability
23  to carry an unloaded, unconcealed handgun in public anywhere
24  essentially other than sensitive places, a courthouse or
25  whatever.  And because of that ability, the Richards court

1   and the Peruta court said the Second Amendment was not
2   infringed because you could have this unloaded, unconcealed
3   gun for self-defense.  That was one of the reasons for their
4   -- part of their rationale.
5           The reason this case is different is because as of
6   January 1 of this year the law changed so that you can no
7   longer carry an unloaded, unconcealed handgun in public.
8   You only have those specific limited exceptions where you
9   can take it to or from a specific place or whatever the
10  Penal Code lays out.  So that takes away one of the bases
11  for the Richards and Peruta holdings, which is why this case
12  became more important to litigate.
13          So to the extent that -- while the Court uses the
14  phrase "categorically," it's mischaracterizing that
15  distinction.  I just think the Court may want to take a look
16  at whether or not it wants to say it a little bit
17  differently.
18          THE COURT:  I'm not sure I do.
19          MR. MICHEL:  The point is that it is not -- there
20  is no -- the State does now categorically ban the public
21  carrying of a handgun unless you are going to or from a
22  specific place in a locked container, so you can't carry it
23  unloaded, unconcealed in a holster for self-defense for what
24  it's worth.
25          THE COURT:  Well, it seems to me that this is an

1  issue that for a lot of reasons really needs to be decided
2  on a full record.  Whether that can be made on cross-motions
3  for summary judgment or whether we actually have to have a
4  trial -- I would be very reluctant to make a substantive
5  ruling without a full record, and it seems to me -- I deny
6  the motion for other reasons, but it seems to me that this
7  type of a motion -- this issue requires a full hearing given
8  the ramifications of the relief sought, and before I would
9  grant that relief either on an interim basis or on a full
10 basis, I really think we need to have a full evidentiary
11 hearing.
12         MR. MICHEL:  May I ask -- with all due respect,
13 from our perspective, this is a purely legal question.  What
14 factual issues would there be to explore?  I mean, the
15 Second Amendment protects the fundamental individual right
16 to bear arms in public, and there is a policy that says
17 unless you have a special need -- I don't think there is any
18 disagreement with those facts.
19         THE COURT:  I can't parse out the case today as I
20 sit here.  But that's my sense, that before I decide this
21 issue, I want a full record.  You suggest there is nothing
22 more to present.  Perhaps so, but I suspect there is more to
23 present.
24         Okay, the tentative will be the order of the
25 Court.  Thank you, and thank you for your patience this

1  afternoon.
2              (Whereupon, the proceedings were concluded.)
3                        *     *     *

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

```
                                                             9

 1
 2
 3
 4
 5                          CERTIFICATE
 6
 7        I hereby certify that pursuant to Section 753,
 8   Title 28, United States Code, the foregoing is a true and
 9   correct transcript of the stenographically reported
10   proceedings held in the above-entitled matter and that the
11   transcript page format is in conformance with the
12   regulations of the Judicial Conference of the United States.
13
14   Date:  November 28, 2012
15
16
                         /S/ Sharon A. Seffens 11/28/12
17                       _____
                         SHARON A. SEFFENS, U.S. COURT REPORTER
18
19
20
21
22
23
24
25
```